Edward Goldblatt v. Commissioner.
Goldblatt v. Commissioner
Docket No. 50842.
United States Tax Court
T.C. Memo 1955-272; 1955 Tax Ct. Memo LEXIS 67; 14 T.C.M. (CCH) 1074; T.C.M. (RIA) 55272; September 30, 1955
*67 Edward Goldblatt, 51 Clark Street, Brooklyn, N. Y., pro se. James E. Markham, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioner's income tax for the calendar years 1950 and 1951 in the amount of $231. The sole issue presented herein is whether respondent erred in disallowing a dependency credit claimed by petitioner on account of support furnished by him to his minor daughter. Findings of Fact Petitioner is an individual who lives in Brooklyn, New York. His returns for the taxable years were filed with the collector of internal revenue for the first district of New York. During the taxable years petitioner was married but was separated from his wife. Their minor daughter, who was ten years old in 1950, resided with her mother who was employed. During each of the taxable years petitioner contributed "approximately $250 or $300" to the support of his daughter. He did not know how much the total cost years, or the amount contributed by his wife to his daughter's support. Opinion KERN, Judge: We understand the petitioner's contention in this case is that, regardless of what the law is, *68 the law ought to be to the effect that where both parents contribute to the support of a minor child, some credit should be available to each parent on account of such dependent pursuant to some method of allocation which is not made explicit in petitioner's argument. Under the provisions of section 25(b)(3) of the Internal Revenue Code of 1939 it is obvious that petitioner is entitled to no credit on account of a dependent unless such dependent has received over half of his or her support from the petitioner. The record in this proceeding does not warrant a finding that petitioner's daughter received over half of her support from petitioner, and indeed petitioner does not so contend. Decision will be entered for the respondent.